UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTEVAN YBARRA JR., *et al.*,

      Plaintiffs,

  v.

K&S FLOORING SERVICES, LLC,
*et al.*,

      Defendants.
_____/

Case No. 1:07-CV-1249

Hon. Richard Alan Enslen

**ORDER**

      This matter is before the Court on Defendants K&S Flooring Services, LLC, Scott Parker, and Mary Parker's Motion to Dismiss for failure to state a claim upon which relief can be granted. Plaintiffs Estevan Ybarra Jr., Chris Vischer, and Jesus Perez III have responded in opposition. Upon review of the briefing, the Court discerns no reason for oral argument. *See* W.D. Mich. LCivR. 7.2(d).

      Whether dismissal is proper pursuant to Federal Rule of Civil Procedure 12(b)(6) is a question of law. *Roberson v. Tenn.*, 399 F.3d 792, 794 (6th Cir. 2005); *Smith v. City of Salem*, 378 F.3d 566, 570 (6th Cir. 2004); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004). The Court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, *Smith*, 378 F.3d at 568, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him to relief. *Roberson*, 399 F.3d at 794; *Arrow*, 358 F.3d at 393. When an allegation is capable of more than one inference, it must be construed in the plaintiff's favor. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 228–29 (6th Cir. 1997); *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). A court may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations. *Bovee v.*

*Coopers & Lybrand C.P.A.*, 272 F.3d 356, 360 (6th Cir. 2001); *Saglioccolo*, 112 F.3d at 228–29; *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Though decidedly liberal, Rule 12(b)(6) requires more than the bare assertion of legal conclusions. *Bovee*, 272 F.3d at 361; *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint should give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)); *see also Booker v. GTE.net LLC*, 350 F.3d 515, 517 (6th Cir. 2003) (holding the court need not accept as true legal conclusions and unwarranted factual inferences); *Perry v. Am. Tobacco Co.*, 324 F.3d 845, 848 (6th Cir. 2003) (same). As the Supreme Court has recently said, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" because "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, No. 05-1126, 127 S. Ct. 1955, 1964–65 (U.S. May 21, 2007) (citations omitted).

Defendants argue the Court lacks jurisdiction over Plaintiffs' First Amended Complaint because the Fair Labor Standards Act ("FLSA"), upon which Plaintiffs rely for federal jurisdiction, only protects employees engaged in interstate commerce.[1]  *See* 29 U.S.C. §§ 203, 206; *Walling v.*

---

[1] Defendants could have also brought their motion under Rule 12(b)(1)—lack of subject matter jurisdiction. A Rule 12(b)(1) motion, however, would not lead the Court to a different disposition. *Cf. Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 742 & n.1 (1976).

*Jacksonville Paper Co.*, 317 U.S. 564, 571–72 (1943). Defendants allege "[t]he services [Plaintiffs] performed for Defendant K&S took place entirely within the state of Michigan" and "[t]he activities of the Plaintiffs were purely local in nature." (Defs.' Br. 3.)

Contrary to Defendants' allegations, the Court is compelled to view the facts in a light most favorable to Plaintiffs. *Smith*, 378 F.3d at 568. In Plaintiffs' First Amended Complaint, it is alleged "Plaintiffs worked for Defendants through approximately September 2007 in the state of Michigan and the *state of Ohio*." (First. Am. Compl. ¶ 11 (emphasis added).) This allegation is sufficient to create federal jurisdiction.[2] Accordingly, the Court denies Defendants' Motion to Dismiss because Plaintiffs have stated a claim upon which relief can be granted.[3]

**THEREFORE, IT IS HEREBY ORDERED** that Defendants K&S Flooring Services, LLC, Scott Parker, and Mary Parker's Motion to Dismiss (Dkt. No. 5) is **DENIED**.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>   February 29, 2008 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[2] Alternatively, Plaintiffs attached an exhibit to their Response demonstrating that work was performed in Ohio by Plaintiffs for Defendants. (*See* Pls.' Resp., Ex. A.) Although the Court does not consider this evidence for Rule 12(b)(6) purposes, were the Court to convert Defendants' Motion to Dismiss into a summary judgment motion under Rule 56, *see* Fed. R. Civ. P. 12(b), the Court would deny summary judgment because Plaintiffs have demonstrated a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Specifically, an issue would exist as to whether Plaintiffs performed any work in Ohio, which in turn establishes whether federal jurisdiction is invoked.

[3] Defendants also seek dismissal of Plaintiffs' claims based on the Michigan Minimum Wage Law, Mich. Comp. Laws § 408.381. Defendants argue supplemental jurisdiction is not proper if no federal question exists. Since the Court finds that federal question jurisdiction does exist based on FLSA, Plaintiffs' state law claims are properly before the Court pursuant to 28 U.S.C. § 1367.